IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DERRICK WILTZ, #B-68635,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 16-cv-00714-NJR |
| | ) |
| **VIPEN SHAH,** | ) |
| **WEXFORD MEDICAL SOURCES,** | ) |
| **JOHN BALDWIN, LASHBROOK** | ) |
| **AUTHUR FUNK, SALVADOR GODINEZ,** | ) |
| **and LOUIS SHICKER,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Derrick Wiltz, an inmate who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this *pro se* action for alleged violations of his constitutional rights under 42 U.S.C. § 1983 (Doc. 1). Plaintiff claims that the policy of the Illinois Department of Corrections ("IDOC") to serve a soy-based diet for prisoners violates his rights under the Eighth and Fourteenth Amendments. He alleges that Defendants have exhibited deliberate indifference to the medical conditions he has sustained as a result of consuming a soy diet, including extreme constipation, weight gain, growth of abnormal breast tissue, severe headaches, severe gas and stomach pains, fatigue, blood in his urine, and an increased thyroid hormone level. Further, he claims that the medical defendants have a written policy to decline treatment for soy related ailments, and that Defendants are acting in a conspiracy in furtherance of said policy. In connection with these claims, Plaintiff sues Vipen Shah (doctor), Wexford Medical Sources (medical provider at Pinckneyville), John Baldwin

(director of IDOC), Lashbrook (warden), Authur Funk (IDOC administrator), Salvador Godinez (director of IDOC), and Louis Shicker (IDOC medical director) for monetary damages.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

## **The Complaint**

Plaintiff brings a number of claims in his complaint, all related to the provision of a soy diet (Doc. 1, pp. 5-6). At the outset, it must be noted that Plaintiff does not provide a clear timeline for the allegations contained in his complaint (*Id.*). It appears that some of the issues he complains of may have occurred while he resided at Lincoln and Logan Correctional Centers— facilities located in the Central District of Illinois (*Id.* at 4-6). To the extent that any of the harms Plaintiff alleges arise from acts or injuries that occurred at those facilities, the claims are not properly before this Court; those claims must be brought in a separate action in the appropriate jurisdiction. Additionally, Plaintiff lists seven defendants in the caption of his complaint, but then he attempts to add an eighth defendant—Warden Roberson—in the body of the complaint (*Id.* at 6). Such an addition is improper if Warden Roberson is in charge of a facility outside of this Court's jurisdiction. This Court also will not consider claims against a party not named in the caption. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption"). Accordingly, any claims

pertaining to other facilities or to defendants not listed in the caption will be dismissed without prejudice.

Turning substantively to the complaint, Plaintiff alleges that in 2011, when he entered the custody of IDOC and began consuming a soy-based diet, he experienced a number of new-to-him medical ailments including extreme gas, constipation, stomach pain, headaches, increased thyroid levels, and increased male breast tissue (*Id.* at 5). He filed grievances about his medical ailments, but did not receive responses (*Id.* at 4). Plaintiff alleges that at some point during his incarceration, staff showed him a memo from Wexford instructing them not to treat soy-related ailments or to incur medical expenses related to the provision of the soy diet (*Id.* at 5).

At Pinckneyville, Plaintiff claims that he told Dr. Shah of his constipation and was told to drink more water (*Id.*). In response to the same complaint in 2013, Defendants Funk and Shicker told him to "man up" (*Id.* at 5-6). At some point Plaintiff received an ultrasound and biopsy on his increased breast tissue, but despite that screening, Defendants Funk, Shicker, and Warden Roberson[1] all told Plaintiff he had no problems (*Id.* at 6). When Plaintiff tried to bring his ailments to the attention of directors Godinez and Baldwin, his grievances went unanswered (*Id.*). Likewise, when he complained to Lashbrook, she told him to stop complaining and to man up (*Id.*). His conditions continue to worsen with time, and he believes they will ultimately lead to his death (*Id.*).

Plaintiff generally alleges that Defendants are acting in furtherance of a conspiracy, though he does not precisely state the objective of the conspiracy or the time when it was formed (*Id.* at 5-6). Plaintiff does not specifically identify in which aspects of the soy diet or its implementation the individual defendants are personally involved (*Id.*). He simply alleges that

---

[1] Defendant Roberson was named in the text of the complaint but was not named in the caption or list of defendants. Accordingly, as previously discussed, he will be dismissed from this action without prejudice.

Defendants are continuing to serve the soy diet and to refuse medical treatment for soy-ailments, all while knowing of the ill-effects of the diet (*Id.*).

Plaintiff has now filed the present complaint with this Court seeking relief under 42 U.S.C. § 1983.

## Discussion

Based on the allegations, the Court finds it convenient to divide the *pro se* complaint into the following enumerated claims. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

**Count 1:** Eighth Amendment claim against Defendants for deliberate indifference in implementing a soy diet;

**Count 2:** Conspiracy claim against Defendants for the soy diet;

**Count 3:** Eighth Amendment failure to treat claim against Defendants for refusing medical care for soy-related ailments; and

**Count 4:** Fourteenth Amendment claim against Defendants for failing to respond to grievances regarding the soy diet.

Count 1 shall receive further review against those Defendants who are identified below in connection with that claim. Count 3 shall receive further review against all named Defendants. Count 2 shall be dismissed against all Defendants without prejudice, and Count 4 shall be dismissed against all Defendants with prejudice.

*Count 1*

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. U.S. CONST., amend. VIII; *see also Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). Prison conditions that deprive inmates of basic human needs, such as inadequate nutrition, health, or safety, may constitute cruel and unusual punishment. *Rhodes v. Chapman*,

452 U.S. 337, 346 (1981); s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). Prison officials also violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 842, 847 (1994).

At this early stage, the complaint suggests that Plaintiff suffered serious side effects from the overconsumption of soy in his diet and that Defendants knew of the risks of the diet. Plaintiff alleges that the soy diet has caused him extreme stomach pain, gas, and constipation; heightened thyroid levels; increased growth of male breast tissue; and extreme headaches. Plaintiff claims that Defendants Wexford, Baldwin, Lashbrook, Funk, Godinez, and Shicker participated in implementing or administering the soy diet.

Wexford is a corporate entity and is therefore treated as a municipality for § 1983 purposes. *See Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766, n.6 (7th Cir. 2002). "[T]o maintain a § 1983 claim against a municipality, [a plaintiff] must establish the requisite culpability (a 'policy or custom' attributable to municipal policymakers) and the requisite causation (the policy or custom was the 'moving force' behind the constitutional deprivation)." *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002). Here, Plaintiff has alleged that Wexford actually participated in creating and/or administering a policy that demanded the denial of medical care for soy-ailments or high cost medical needs. Specifically, Plaintiff claims that he

was shown a memo by staff that directed Wexford employees to deny medical care for soy-related ailments. This allegation goes to his claim of failure to treat, but it does not demonstrate that Wexford participated in the actual germination of the plan to serve a soy diet. Based on this allegation, Count 1 will be dismissed without prejudice against Wexford because its actions were not explicitly associated with a claim of deliberate indifference for *creating* the soy diet policy.

Next, as to Defendants Baldwin, Lashbrook, Funk, Godinez, and Shicker, Plaintiff asserts that he is bringing claims against them in their individual and official capacities. It appears from the caption and body of the complaint that these individuals hold a supervisory position. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005). Because personal involvement is required for liability to attach, the *respondeat superior* doctrine—supervisor liability—is not applicable to Section 1983 actions. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Moreover, to the extent an official capacity claim is allowed to proceed against an official, it may only proceed with respect to injunctive relief, because the Eleventh Amendment bars monetary recovery for official capacity claims. *Brown v. Budz*, 398 F.3d 904, 917-18 (7th Cir. 2005).

Thus, as to Defendants Baldwin, Lashbrook, Funk, Godinez, and Shicker, the official liability claims will only be allowed to the extent it is alleged that each one personally participated in or caused the deprivation at hand. At this juncture, Plaintiff has specifically stated that Defendants Baldwin, Lashbrook, Funk, Godinez, and Shicker were aware of his soy diet issues and that these individuals failed to do anything about his concerns. This allegation of knowing conduct is enough to overcome the threshold for official capacity liability against

Defendants Baldwin, Lashbrook, Funk, Godinez, and Shicker.

Finally, as to Defendant Shah, Plaintiff has failed to state a claim against him for deliberate indifference by implementing the soy diet policy because Plaintiff does not specifically allege that Dr. Shah helped formulate the initial plan to serve soy.

In sum, Count 1 will be dismissed without prejudice as to Defendants Wexford and Shah because there is no specific allegation that these defendants personally participated in initiating the soy diet. By contrast, Count 1 will be allowed to proceed against Defendants Baldwin, Lashbrook, Funk, Godinez, and Shicker in their individual and official capacities, because Plaintiff has made minimal allegations that these individuals participated in the actual creation of the soy diet policy despite knowing of its ill-effects.

*Count 2*

Count 2 alleges a conspiracy amongst all defendants to offer a soy diet; however, the complaint does not state when the conspiracy was formed, who specifically participated in its formation, or what the known objective of the conspiracy was. Count 2 does not survive preliminary review because the complaint offers insufficient allegations in support of this claim.

"To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dep't.*, 636 F.3d 293, 304-05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305 (citation omitted). Plaintiff's mention of a conspiracy is insufficient, even at the early pleadings stage, to satisfy basic pleading requirements under Federal Rule of Civil Procedure 8 or *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007) (requiring a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face"). The factual allegations do not support a conspiracy claim against Defendants, based on their issuance of a soy diet.

Thus, **Count 2** shall be dismissed against all named defendants without prejudice for failure to state a claim upon which relief may be granted.

*Count 3*

The complaint describes a failure to treat a number of medical conditions stemming from the soy diet, including extreme stomach pain, gas, constipation, headaches, weight gain, and increased male breast tissue. Plaintiff alleges that although he filed grievances and saw the medical staff on a number of occasions, he received minimal medical care. Doctor Shah once told him to drink more water to resolve his ailments. Though he had some outside screening of his increased breast tissue, he did not receive follow-up care or treatment for the condition.

To state a medical claim under the Eighth Amendment, a plaintiff must show that his condition "was objectively serious," and that officials acted with the requisite subjective intent towards that condition. *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). As to the subjective component, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Jackson*, 300 F.3d at 765. If an official reasonably responds to a risk, even if harm was not averted, deliberate indifference does not exist. *Id.* A reasonable response differs depending on the capacity of the alleged wrongdoer. A non-medical prison employee—one who for example handles grievances, or supervises prison operations—will generally not be liable for deliberate indifference if he or she believes the prisoner is receiving adequate medical care, or takes steps to verify that the inmate is receiving care. *See Greeno v. Daley*, 414 F.3d 645, 655-57 (7th Cir. 2005).

For screening purposes, Plaintiff's claim passes the objective hurdle—he alleges that he has suffered stomach pains, gas, constipation, headaches, weight gain, increased breast tissue, and other injuries linked to the food at the prison, and those symptoms can indicate an arguably serious condition at screening. *See Gutierrez v. Peters*, 111 F.3d 1364, 1372 n.7 & 1373 (7th Cir. 1997). Plaintiff's claim also passes the subjective hurdle—allegations of a failure to treat can constitute indifference, depending on the circumstances. *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011); *McGowan v. Hulick*, 612 F.3d 636, 640-41 (7th Cir. 2010).

As to Defendant Dr. Shah, the failure to treat claim will be allowed to proceed because the conditions are of sufficient seriousness, and Plaintiff alleges that Dr. Shah specifically knew of his ailments but failed to treat him. As to Defendants Baldwin, Lashbrook, and Godinez, there are allegations that they received grievances either via writing or orally about Plaintiff's medical needs and that they essentially ignored his pleas for help. Though supervisory liability would not properly exist against these three, Plaintiff has gone further to allege personal responsibility because he personally alerted them to his ailments. Though these defendants are 'non-medical' prison officials, there is a chance that Plaintiff has stated a viable claim against them because the record suggests that they were notified of his ailments and did not even take minimal steps to verify that he was receiving care. *See Greeno,* 414 F.3d at 655-57. Based on this allegation, Count 3 will be allowed to proceed against these three administrators.

Next, as to Defendants Funk and Shicker, they are also administrators, but they are medical administrators. Based on their status as medical administrators, if anything, they may have a greater degree of responsibility than ordinary administrators given their medical background. Plaintiff alleges that he personally made them aware of his ailments via grievances

and that they took no action. Accordingly, Count 3 will be allowed to proceed against these two defendants.

Finally, Plaintiff loosely alleges that Defendant Wexford Medical failed to treat him for soy ailments by distributing a memorandum to its employees directing them not to treat soy-ailments. If in fact such a memorandum does exist, Wexford could be liable for perpetuating a policy that led to the denial of adequate medical care. *See Gable,* 296 F.3d at 537 (stating that a section 1983 claim may proceed if it is alleged that the corporate or municipal entity promulgated a policy or custom that would violate an established right).

Thus, Count 3 will be allowed to proceed as to all named defendants.

*Count 4*

The complaint refers to the Fourteenth Amendment (**Count 4**) but does not explain why. To the extent that Count 4 arises from Defendants' failure to respond to Plaintiff's grievances, it is subject to dismissal. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause *per se*. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Put differently, the fact that Defendants may have ignored Plaintiff's grievances does not give rise to a due process claim against them. Accordingly, **Count 4** fails and shall be dismissed with prejudice as to all Defendants.

### Pending Motions

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which shall be **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for a decision.

Plaintiff also has filed a Motion for Addendum (Doc. 8) seeking to add additional grievance documents as exhibits to his complaint. Plaintiff's request will be **GRANTED**. It shall be noted, however, that upon review of the additional documents, the Court saw that some of the documents discussed grievances entirely unrelated to the soy diet claims raised in the original complaint. To the extent that the additional documents are irrelevant to the soy diet claims, they are not construed as adding additional claims or grounds of liability under the operative complaint (Doc. 1).

## Disposition

**IT IS ORDERED** that **COUNT 1** shall receive further review as **DEFENDANTS BALDWIN, LASHBROOK, FUNK, GODINEZ, and SHICKER**. **COUNT 1** shall be **DISMISSED** without prejudice as to **DEFENDANTS WEXFORD and SHAH** for failure to state a claim. **COUNT 2** shall be **DISMISSED** without prejudice against **ALL DEFENDANTS** for failure to state a claim. **COUNT 3** shall be allowed to proceed as to **ALL DEFENDANTS**. **COUNT 4** is **DISMISSED** with prejudice as to all named Defendants for failure to state a claim upon which relief may be granted.

With respect to **COUNT 1**, the Clerk of Court shall prepare for **DEFENDANTS BALDWIN, LASHBROOK, FUNK, GODINEZ, and SHICKER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). With respect to **COUNT 3**, the Clerk of Court shall prepare for **all NAMED DEFENDANTS** the same forms. The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take

appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** August 4, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**